

# HAVKINS ROSENFELD RITZERT & VARRIALE, LLP

## HRRV

COUNSELORS AT LAW

Gregg S. Scharaga
Direct Dial: (646) 747-5113
Email: Gregg.Scharaga@hrrvlaw.com

Reply to New York Office

June 27, 2014

Via Certified Mail, RRR and USPS Mail
Paul Kayata, MBA | Sr. Technical Claims Specialist
Liberty Mutual Insurance
Commercial Insurance Claims
Complex Construction Liability
P.O. Box 7214
London, KY 40742-7214

**Claim # P220101726**

Re: *Angel Siguencia v. Gilbane Building Company, Gilbane, Inc., Gilbane Resources, Inc., Dormitory Authority of the State of New York, All-Safe LLC, The City of New York, and City University Construction Fund*
Date of Accident:   July 7, 2010
Our File No.:   10370-0104

Dear Mr. Kayata:

We represent DASNY and CUCF in a lawsuit commenced on behalf of Angel Siguencia. The plaintiff filed a summons and complaint in the Supreme Court, Bronx County on June 21, 2011. The named defendants are: Gilbane Building Company, Gilbane Inc., Gilbane Resources, Inc., DASNY, All-Safe, LLC, The City of New York, and City University Construction Fund. Your insured is Gilbane Building Company.

We write to you on behalf of DASNY to tender its defense and indemnification to Gilbane Building Company and its insurance carrier, Liberty Mutual.

1065 Avenue of the Americas ■ Suite 800 ■ New York, New York 10018
212-488-1598 ■ 212-564-0203 Facsimile

114 Old Country Road ■ Suite 300 ■ Mineola, New York 11501
516-620-1700 ■ 516-746-0833 Facsimile

170 Hamilton Avenue ■ Suite 210 ■ White Plains, New York 10601
914-290-6430 ■ 914-560-2245 Facsimile



June 27, 2014
Page 2

     We specifically write with reference to Liberty Mutual's letter dated January 28, 2011, wherein a pre-action request by DASNY to Liberty Mutual for additional insured status was denied as premature. Please see the enclosed letter.

     As you are aware, DASNY as "Owner" and Gilbane Building Company as "Construction Manager" entered into a contract signed in November and December 2008, which was prior to the date of loss. Pursuant to Article IX (A)(3) of the Construction Phase Contract, Gilbane was obligated to name DASNY as an additional insured on Gilbane Building Company's CGL policy, with minimum limits of $5,000,000. As you are in possession of the construction contract, same is not enclosed here. However, if you require a copy, please advise me.

     In Liberty Mutual's January 28, 2011 letter, it was acknowledged that:

     "Gilbane Inc. is the first-named insured on a TB policy, TB2-611-259068-020 effective 6/30/2010 to 6/30/2011. The policy was in effect on the date of loss. The policy limit is $2m. Gilbane Building Company is a named insured. The policy provides that we have the duty to defend a "suit," but only the discretion to investigate and settle claims. **Unless and until the claimant commences a "suit," we are not obligated to provide a defense. In addition, we are not aware of a claim presented by Mr. Siguencia.**

     Endorsement no. 44 on Gilbane's policy is Additional Insured - Designated Person or Organization. According to the Schedule, the Name of Additional Insured Person(s) or Organization(s) is **"Blanket Additional Insured applies as required by written agreement or where a certificate of insurance is issued on behalf of Gilbane, Inc., or any other named insured, listing an entity as additional insured.**

     Coverage would be excess of any other valid and collectible insurance unless the agreement between the insured and additional insured requires this insurance to be primary. (Your "operations" below includes completed operations.)"

     Pursuant to this endorsement, Section II - Who is an Insured is amended to include as an additional insured the person(s) or organization) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused in whole, or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

     A. In the performance of your ongoing operations; or

     B. In connection with your premises owned by or rented to you.

     **We acknowledge that Dormitory Authority - State of New York potentially qualifies as an additional insured under the policy.** Our coverage is limited to liability for "bodily injury", "property damage" or "personal and advertising injury" caused in whole or in part by the



June 27, 2014
Page 3

named insured's acts or omissions; or the acts or omissions of those acting on behalf of the named insured in the named insured's operations. Our coverage is excess over any other additional insured coverage afforded to Dormitory Authority - State of New York.

Given that plaintiff's lawsuit directly alleges negligence and New York Labor Law violations against Gilbane Building Company, any prerequisites have been satisfied concerning whether Liberty Mutual/Gilbane is obligated to provide insurance coverage to DASNY as an additional insured on Gilbane's CGL policy. **Same as already been acknowledged by Liberty Mutual in the January 28, 2011 letter.**

Please also confirm that the appropriate insurance was procured on behalf of Gilbane, as required by the contract provision Article IX (A)(3) of the Construction Phase Contract and provide the undersigned with a copy of the applicable policy or policies, including all additional insured endorsements.

Furthermore, pursuant to Article XII, Gilbane agreed "to indemnify and hold harmless the OWNER, the Client, the OWNER's members, officers, employees, or representatives, against all claims arising out of the negligent acts, or failure to act, by the CONSTRUCTION MANAGER, and shall pay any judgment or expense, including interest, imposed against any of them for injury, wrongful death or property damage, and to defend and pay the costs and expenses thereof, any action, proceeding or lawsuit brought against the parties, indemnified and held harmless herein."

Plaintiff's summons and complaint alleges direct claims against Gilbane for negligence and New York Labor Law violations (copy in your possession, not enclosed, unless requested). As such, we hereby request that Liberty Mutual assume the cost of defense and indemnify DASNY in connection with this matter.

Thank you for your attention to this matter and your anticipated cooperation. We look forward to hearing from you.

Respectfully,

Gregg Scharaga

w/encl.



June 27, 2014
Page 4

Cc:
Via Mail and Email
Bruce Seidman, Esq.
Marshall, Dennehey, Warner
Coleman & Goggin
425 Eagle Rock Avenue, Suite 302
Roseland, New Jersey 07078

Via Email:
Chastity Stewart, Riverstone Claims
Terese Kerrigan, Zurich North America
Patricia Gallagher, DASNY