

*NDA 19739 JHH SMB*
*PMC*

**Liberty Mutual Group**

Commercial Market Claims 04A
70 Sunrise Highway Suite 618
P.O. Box 9001
Valley Stream, NY 11582
(516) 593-8200

January 28, 2011

Newman Myers Kreines Gross Harris, P.C.
Attorneys at Law
14 Wall Street
New York, NY 10005-2101

Attention: Patrick M. Caruana, Esq.

RE:  Claimant:        Angel Siguencia
     Location:        Lehman College – New Science Facility (2578309999)
     Customer:        Gilbane Building Company
     Claim #:         P 220-101726-01
     Date of Loss:    07/07/2010
     Newman Myers Ref.: 19739

Dear Mr. Gallagher:

We have reviewed your request for defense and indemnity in the captioned case, together with the captioned Commercial General Liability Policy issued by Liberty Mutual Fire Insurance Company. Our position is as follows.

Dormitory Authority - State of New York as "Owner" and Gilbane Building Company as "Construction Manager" entered into a contract signed in November and December 2008, which is prior to the date of loss.

Gilbane Inc. is the first-named insured on a TB policy, TB2-611-259068-020 effective 6/30/2010 to 6/30/2011. The policy was in effect on the date of loss. The policy limit is $2m. Gilbane Building Company is a named insured.

The policy provides that we have the duty to defend a "suit," but only the discretion to investigate and settle claims. Unless and until the claimant commences a "suit," we are not obligated to provide a defense. In addition, we are not aware of a claim presented by Mr. Siguencia.

Endorsement no. 44 on Gilbane's policy is Additional Insured – Designated Person or Organization. According to the Schedule, the Name of Additional Insured Person(s) or Organization(s) is "Blanket Additional Insured applies as required by written agreement or where a certificate of insurance is issued on behalf of Gilbane, Inc., or any other named insured, listing an entity as additional insured. Coverage would be excess of any other valid and collectible insurance unless the agreement between the insured and additional insured requires this insurance to be primary. (Your "operations" below includes completed operations.)"

Pursuant to this endorsement, Section II – Who is an Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused in whole, or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

A. In the performance of your ongoing operations; or
B. In connection with your premises owned by or rented to you.

We acknowledge that Dormitory Authority - State of New York potentially qualifies as an additional insured under the policy. Our coverage is limited to liability for "bodily injury", "property damage" or "personal and advertising injury" caused in whole or in part by the named insured's acts or omissions; or the acts or omissions of those acting on behalf of the named insured in the named insured's operations. Our coverage is excess over any other additional insured coverage afforded to Dormitory Authority - State of New York. It is our understanding that Dormitory Authority - State of New York had a contract directly with Preferred Builders, Mr. Siguencia's employer. Please provide us with a copy of that contract.

According to the information provided to date, Preferred Builders was removing concrete wall forms. The 120 Excavator had one panel rigged and ready for removal. The operator, Carlos Cabrera, was called out of the excavator to help with layout with foreman, Mike Fogarty. Before the operator left, he advised the men working with him that the machine was unattended. At that time, Mr. Siguensia was preparing the next set of wall forms to be removed by removing clamps and tie backs. While that was being performed, Fabian Cabrera went into the 120 Excavator and removed the rigged/secured panel which then caused the wall panel that Mr. Siguencia was preparing to fall towards him. While Mr. Siguencia was trying to get away the wall panel struck him on the left side of his hardhat, cracking it, and struck him at the left hip/upper leg area.

Based on the information provided, it does not appear that Gilbane Building Company had anything to do with the loss. Because the claimant does not seek "bodily injury" caused in whole or in part by the acts or omissions of Gilbane Building Company or those acting on its behalf, there is no coverage for Dormitory Authority - State of New York for this loss.

Although we have attempted to address all issues raised by this matter at this time, we reserve all rights under our policies and applicable law. Please forward any information you have that may affect our position as well as any suits filed or claims made and we would be happy to review further.

Sincerely,


Cheryl Rabb
Technical Claim Specialist II
Ext: 20701

cc: Dormitory Authority State of New York
Corporate Headquarters
515 Broadway
Albany, NY 12207-2964
Attention: Patricia A. Gallagher, Risk Management Specialist

Gilbane Building Company
7 Jackson Walkway
Providence, RI 02903-3623
Attention:   Elizabeth Millette

Gilbane Building Company
7 Jackson Walkway
Providence, RI 02903-3623
Attention:   Donald F. Naber

Gilbane Building Company
7 Jackson Walkway
Providence, RI 02903-3623
Attention:   Todd MacDermott

Marshall, Dennehey, Warner, Coleman & Goggin
425 Eagle Rock Ave., Suite 302
Roseland, NJ 07068
Attention: Hillary A. Fraenkel

Abbott Bushlow & Schechner, LLP
70-11 Fresh Pond Road
Ridgewood, NY 11385
Attention: Richard Schechner

Aon Risk Solutions
Construction Services Group
One Federal Street
Boston, MA 02110
Attention: Todd M. MacDermott