

Michael B. Buckley, Esq.
Admitted in Florida & New York, AV-Rated
"Of-Counsel" to Fowler White Burnett, P.A.
mbuckley@buckleylawgroup.com
Website: www.buckleylawgroup.com

225 Broadway, Suite 2600
New York, New York 10007
Main: 212.514.7400
Facsimile: 212.514.7404

October 15, 2013

Cheryl Rabb
Technical Claims Specialist II
Liberty Mutual Insurance Group
Commercial Market Claim 04A
70 Sunrise Highway, Ste 618
P.O. Box 9001
Valley Stream, NY 11582

      Re:    Angel Siguencia
               Liberty Mutual Claim: P 220-101726-01
               D/L: 07/07/10

Dear Ms. Rabb:

      On behalf of Valiant Insurance Company, which covers Preferred Builders as its primary named insured, and the Dormitory Authority of the State of New York ("DASNY") as an additional insured, we hereby demand that Liberty Mutual contribute on a *pro rata* basis to the defense costs and fees associated with defending DASNY with respect to the referenced claim and lawsuit. We note that Liberty Mutual denied DASNY's defense once before in your letter dated January 28, 2011.

      Valiant has been defending DASNY pursuant to its Additional Insured Endorsement. Under Liberty Mutual's Endorsement no. 44, DASNY is an additional insured in the Liberty Mutual policy. Your letter dated January 28, 2011 acknowledges that fact. Because the contract between DASNY and the Liberty Mutual named insured, Gilbane Building Co., requires that Gilbane procure liability coverage for DASNY and that such insurance procured by Gilbane apply on a primary basis, the Liberty Mutual policy provides primary liability coverage to DASNY. Your January 28, 2011 letter denies DASNY's tender of its defense because, you state, that your named insured was not involved in the facts giving rise to the underlying loss. However, the plaintiff sees it differently and has pleaded in his litigation that, among others, Gilbane's negligence caused his injuries and losses. Consequently, Liberty clearly has a duty to defend DASNY. The defense obligation is controlled by the four corners of the complaint.

Valiant is in a similar position relative to DASNY being an additional insured, but it did not wrongfully refuse to defend DASNY, as did Liberty Mutual. Accordingly, Valiant hereby demands that Liberty Mutual agree to share in the costs of the defense of DASNY, on a *pro rata* basis, and reimburse Valiant for defense costs incurred from the date of Liberty Mutual's wrongful denial of defense in your January 28, 2011 letter, again on a *pro rata* basis.

I look forward to receiving your prompt response.

Very truly yours,

Michael B. Buckley